# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
March 27, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**HUNTINGTON ALLOYS CORPORATION,**
**Employer Below, Petitioner**

**vs.)   No. 14-0580**  (BOR Appeal No. 2049123)
                    (Claim No. 2011029247)

**STEVEN ROWE,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Huntington Alloys Corporation, by Jillian Moore, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review.

This appeal arises from the Board of Review's Final Order dated May 23, 2014, in which the Board affirmed a January 9, 2014, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's January 3, 2012, decision granting Mr. Rowe a 2% permanent partial disability award, and instead granted Mr. Rowe an 8% permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Rowe sustained compensable sprains of both shoulders and upper arms on February 18, 2011, while manipulating a piece of tubing. Diagnostic imaging performed on March 22, 2011, revealed mild supraspinatus tendinopathy in the left shoulder and degenerative changes in the superolateral humeral head of the right shoulder. Additionally, Mr. Rowe's left shoulder was treated with an arthroscopic acromioplasty, bursectomy, debridement of a partial rotator cuff tear, and an anterior capsular release.

1

On December 8, 2011, Marsha Lee Bailey, M.D., performed an independent medical examination for the purpose of determining the amount of whole person impairment arising from the compensable injury. She opined that Mr. Rowe sustained 2% whole person impairment as a result of range of motion abnormalities in the right shoulder and also opined that he sustained 2% whole person impairment as a result of range of motion abnormalities in the left shoulder, for a total of 4% whole person impairment. However, she apportioned 2% whole person impairment to pre-existing bilateral degenerative joint disease and osteoarthritis arising from the normal aging process. On January 3, 2012, the claims administrator granted Mr. Rowe a 2% permanent partial disability award based upon Dr. Bailey's evaluation.

Bruce Guberman, M.D., performed a second independent medical evaluation on July 10, 2012. He opined that Mr. Rowe sustained 4% whole person impairment as a result of range of motion abnormalities in the right shoulder and also opined that he sustained 6% whole person impairment as a result of range of motion abnormalities in the left shoulder. Dr. Guberman opined that the entirety of Mr. Rowe's left shoulder impairment is attributable to the compensable injury, as there is no history of prior symptomology in the left shoulder and diagnostic imaging did not reveal degenerative changes in the left shoulder. However, he opined that 2% of the right shoulder impairment should be attributed to pre-existing conditions because Mr. Rowe sustained a prior right shoulder injury with symptoms continuing intermittently, and because diagnostic imaging revealed the presence of degenerative changes. Therefore, Dr. Guberman opined that Mr. Rowe sustained a total of 8% whole person impairment as a result of the compensable injury.

In its Order reversing the January 3, 2012, claims administrator's decision, the Office of Judges held that the preponderance of the evidence demonstrates that Mr. Rowe incurred 8% whole person impairment as a result of the February 18, 2011, injury. The Board of Review affirmed the Office of Judges' Order in its decision dated May 23, 2014. On appeal, Huntington Alloys Corporation asserts that the evidence of record demonstrates that Mr. Rowe sustained no more than 2% whole person impairment as a result of the compensable injury.

The Office of Judges found that although Dr. Guberman concurred with Dr. Bailey's impairment recommendation regarding the right shoulder, he provided a reasonable basis for his disagreement with her decision to apportion a portion of Mr. Rowe's left shoulder impairment for pre-existing conditions. Specifically, the Office of Judges found that Dr. Guberman's recommendation was based upon his finding that the left shoulder showed no signs of degenerative changes. The Office of Judges further noted that Dr. Guberman based his recommendation upon a finding that Mr. Rowe's left shoulder range of motion has evidently decreased following the cessation of physical therapy.

In its capacity as the trier of fact, the Office of Judges concluded that the evidence of record demonstrates that Mr. Rowe sustained 8% whole person impairment as a result of the compensable injury. The Board of Review affirmed the reasoning and conclusions of the Office of Judges. We, in turn, affirm the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:**


**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Justice Brent D. Benjamin